MICHAEL T. LUCEY (SBN: 99927)
MICHAEL A. LAURENSON (SBN: 190023)
VAN T. NGUYEN (SBN: 199945)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (Erroneously Sued Additionally As UNIVERSITY OF CALIFORNIA, SAN FRANCISCO)

E-Filing

ORIGINAL
FILED
JAN 18 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL V. DISCEPOLA, JR., Plaintiff, vs. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, UNIVERSITY OF CALIFORNIA, SAN FRANCISCO, and DOES ONE through FIFTY, inclusive, Defendants. | CASE NO. C 07 0361 **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)** <u>Request for Jury Trial</u> |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("The Regents") hereby removes to this Court the state court action described below.

1. On July 26, 2006, an action was commenced in the Superior Court of the State of California in and for the County of San Francisco, entitled *Michael V. Discepola, Jr. vs. The Regents of the University of California, et al.*, as Case No. CGC 06 454542, alleging breach of contract, violation of public policy and disability discrimination and retaliation claims under the California Fair Employment and Housing Act.



Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

2. On September 25, 2006, Plaintiff filed a First Amended Complaint (FAC), removing his causes of action for breach of contract, bad faith contract, intentional and negligent misrepresentation, and four causes of action based on violation of public policy. Plaintiff also added two individual defendants and three new causes of action for invasion of privacy, wrongful disclosure of medical information, and defamation.

3. On or about December 1, 2006, the Superior Court sustained Defendant's demurrer to Plaintiff's FAC, dismissing all of Plaintiff's causes of action, but granting leave to amend to state a claim under the Americans with Disabilities Act (ADA).

4. On January 4, 2007, Plaintiff filed his Second Amended Complaint asserting a single cause of action under the ADA. Attached hereto are true and correct copies of the pleadings, process and orders in the action.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days from the date on which it was determined by Defendant that the action was removable.

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the Americans with Disabilities Act located at 42 USC § § 12101-12213.

7. A copy of this Notice of Removal, without exhibits, is being filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco. A copy of this Notice of Removal, without exhibits, is also being served on Plaintiff's counsel.

Defendant requests a jury trial.

Dated: January 18, 2007

GORDON & REES, LLP

By: Van T. Nguyen
VAN T. NGUYEN
Attorneys for Defendant
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

FILED
San Francisco County Superior Court
JUL 2 6 2006
GORDON PARK-LI, Clerk
BY: [signature]

CASE MANAGEMENT CONFERENCE SET
DEC 2 9 2006 - 9 00 AM
DEPARTMENT 212

CASE MANAGEMENT CONFERENCE SET
DEC 2 9 2006 AM
DEPARTMENT 212

BARBARA A. LAWLESS - Bar # 53195
LAWLESS & LAWLESS
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 391-7555

Attorneys for Plaintiff
MICHAEL V. DISCEPOLA, JR.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

(Unlimited Jurisdiction)

| | |
|---|---|
| MICHAEL V. DISCEPOLA, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, UNIVERSITY OF CALIFORNIA, SAN FRANCISCO and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | No. CGC-06-454542<br><br>COMPLAINT FOR DAMAGES ARISING FROM BREACH OF CONTRACT, BAD FAITH, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, DISCRIMINATION, DISCHARGE IN VIOLATION OF PUBLIC POLICY, HARASSMENT, RETALIATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, FOR ATTORNEYS' FEES AND COSTS AND FOR PUNITIVE DAMAGES<br><br>JURY TRIAL DEMANDED<br><br>Civil Rights\Wrongful Discharge<br><br>*Amount Demanded Exceeds $25,000 (Gov't. Code § 72055)* |

Plaintiff MICHAEL V. DISCEPOLA, JR. complains against defendants, and each of them, demands a trial by jury of all issues and for causes of action alleges:



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

**FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

1. Plaintiff is ignorant of the true names or capacities of the defendants sued here under the fictitious names DOE ONE through DOE FIFTY, inclusive. Plaintiff is informed and believes that each of DOE defendants was responsible in some manner for the occurrences and injuries alleged in this complaint.

2. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

3. At the pertinent times mentioned in this complaint, defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA was the governing body of a public institution located in San Francisco, California. At the pertinent times mentioned in this complaint, defendant UNIVERSITY OF CALIFORNIA, SAN FRANCISCO was a public entity located in San Francisco, California. Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and defendant UNIVERSITY OF CALIFORNIA, SAN FRANCISCO will be referred to jointly as defendant "UC."

4. In or about June 1995, defendant UC hired plaintiff for the position of Coordinator of HIV-Negative Services for the AIDS Health Project. This program was renamed the Risk Evaluation and Counseling for Health (REACH) Program in or about 1997.

5. In or about 2000, plaintiff was promoted to the position of Program Manager. In or about April 2004, plaintiff was promoted to the position of Director of Training and Director of the REACH Program. Plaintiff received raises recognizing his satisfactory performance throughout his employment.



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

6. During his employment and other than any events immediately prior to his termination, plaintiff received no significant criticism of his work.

7. At all times, plaintiff performed his job in a satisfactory manner and received satisfactory performance evaluations.

8. Plaintiff was discriminated against, harassed and retaliated against during his employment and was terminated on or about August 27, 2005.

**FIRST CAUSE OF ACTION**
**Breach of Contract**

As a first, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through TWENTY, and each of them, and for a cause of action alleges:

9. Plaintiff incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

10. Plaintiff and defendants UC and DOES ONE through TWENTY entered into an employment contract in or about April 2004 and during the term of plaintiff's employment. The contract was oral and written. The basic terms of the agreement provided that plaintiff would be promoted to the position of Director of Training and Director of the REACH Program for the AIDS Health Project, that plaintiff would receive a raise, that plaintiff's position would be reclassified and that plaintiff would earn agreed-upon wages and fringe benefits.

11. Plaintiff undertook the position of Director of Training and Director of the REACH Program for the AIDS Health Project and continued employment and duly performed all of the conditions of the employment agreement to be performed by him until prevented by defendants from further performance. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by him.

12. On or about August 27, 2005, and prior, defendants UC and DOES ONE through TWENTY breached the oral and written employment agreement by not submitting the necessary paperwork to the Human Resources Department to process plaintiff's promotion, reclassification and



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

raise. Plaintiff repeatedly inquired into this matter and was told not to worry, that the matter would be rectified and that plaintiff would receive his promised promotion, reclassification and raise. This matter was not rectified and plaintiff did not receive the promotion, reclassification and raise.

13. Plaintiff suffered damages legally caused by the breach of contract as stated in Paragraph 78 of this Complaint which is incorporated here to the extent pertinent as if set forth here in full.

## SECOND CAUSE OF ACTION
## Bad Faith

As a second, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through TWENTY, and each of them, and for a cause of action alleges:

14. Plaintiff hereby incorporates by reference Paragraphs 1 through 13 inclusive, as though set forth here in full.

15. The law imposed duties on defendants UC and DOES ONE through TWENTY in connection with the employment agreement to act fairly and in good faith towards plaintiff. Defendants covenanted to give full cooperation to plaintiff in his performance under the employment agreement and to refrain from any act which would prevent or impede any of the conditions of the employment agreement from being performed, which would deny the employment agreement, or which would prevent plaintiff from receiving the benefits of the employment agreement.

16. On or about August 27, 2005, and prior, defendants UC and DOES ONE through TWENTY breached these duties imposed by law in connection with the employment agreement by interfering with the plaintiff in the performance of his job duties, by refusing to submit the necessary paperwork to the Human Resources Department to process plaintiff's promotion, reclassification and raise, by not giving plaintiff the promotion, reclassification and raise that was promised to him, by discharging plaintiff and denying the employment agreement without probable cause and in bad faith, by intentionally setting up plaintiff so that it would appear that there was good cause not to give plaintiff the promotion, reclassification and raise when in fact there was not and defendants knew

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

there was not, and by attempting to cover up the fact that there was no good cause to deny these things to plaintiff.

17. Plaintiff suffered damages legally caused by the bad faith as stated in Paragraph 78 of this Complaint which is incorporated here to the extent pertinent as if set forth here in full.

**THIRD CAUSE OF ACTION**
**Intentional Misrepresentation By Making**
**Of Promises Without Intent to Perform**

As a third, separate and distinct cause of action, plaintiff complains against defendants UC and DOES TEN through THIRTY, and for a cause of action alleges:

18. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

19. In or about April 2004 and during the term of plaintiff's employment, defendants UC and DOES TEN through THIRTY promised plaintiff that he would be promoted to the position of Director of Training and Director of the REACH Program for the AIDS Health Project, that plaintiff would receive a raise and that plaintiff's position would be reclassified. These promises were each as to material matters.

20. At the time these defendants made these promises, they did not intend to perform them.

21. These defendants made these promises for the purpose of inducing plaintiff to rely upon them and to act or refrain from acting in reliance upon them.

22. Plaintiff was unaware of these defendants' intention not to perform their promises. Plaintiff acted in justifiable reliance on defendants' promises by, among other things, performing the duties of the position of Director of Training and Director of the REACH Program for the AIDS Health Project, remaining employed by defendant UC and forebearing the possibility of employment elsewhere.

23. Plaintiff did not discover the intentional misrepresentation practiced upon him by defendants until August 27, 2005, and prior when he did not receive the promotion, reclassification or



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

raise and he was discharged in violation of defendants' promises to him.

24. Plaintiff suffered damages legally caused by the intentional misrepresentation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**FOURTH CAUSE OF ACTION**
**Negligent Misrepresentation**

As a further, fourth, separate and distinct cause of action, plaintiff complains against defendants UC and DOES FIVE through FIFTEEN and TWENTY FIVE through THIRTY FIVE, and each of them, and for a cause of action alleges:

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 12, inclusive, as if set forth here in full.

26. Defendants UC and DOES FIVE through FIFTEEN and TWENTY FIVE through THIRTY FIVE told plaintiff that he was being promoted to the position of Director of Training and Director of the REACH Program for the AIDS Health Project, that he would receive a reclassification and a raise and that he was performing the duties as Director of these programs in a manner which defendant UC considered satisfactory.

27. In fact, although defendant UC told plaintiff not to worry and that everything would be rectified, defendant UC did not process the paperwork for plaintiff to receive the promotion, reclassification and raise. The representations by defendants UC, DOES FIVE through FIFTEEN and TWENTY FIVE through THIRTY FIVE were untrue, and these defendants made the representations without any reasonable ground for believing them to be true.

28. These defendants made these representations for the purpose of inducing plaintiff to rely upon them and to act or refrain from acting in reliance upon them.

29. Plaintiff reasonably believed that he would receive the promotion, reclassification and raise that was promised to him. Plaintiff acted in justifiable reliance on defendants' representations by, among other things, performing the duties of the position of Director of Training and Director of



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

the REACH Program for the AIDS Health Project, remaining employed by defendant UC and forebearing the possibility of employment elsewhere.

30. Plaintiff did not discover the negligent misrepresentation practiced upon him by defendants until August 27, 2005, and prior when he was denied the promotion, reclassification and raise and was discharged.

31. Plaintiff suffered damages legally caused by the negligent misrepresentation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**FIFTH CAUSE OF ACTION**
**Physical Disability Discrimination, Mental Disability Discrimination and/or Failure to Accommodate in Violation of the California Fair Employment and Housing Act**

As a fifth, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

32. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

33. Defendants UC and DOES ONE through THIRTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

34. Defendants UC and DOES ONE through THIRTY discriminated against plaintiff on the basis of his physical and mental disabilities and/or failed to accommodate plaintiff and discharged plaintiff because of his physical and mental disabilities and/or because the did not want to accommodate his physical and mental disabilities, in violation of the California Fair Employment and Housing Act. Plaintiff has permanent disabilities that interfere with major life functions. Plaintiff requested accommodation for his disabilities but his requests were denied. Plaintiff was terminated while on a medical leave. Plaintiff was the only person terminated. Plaintiff was not given the opportunity to transfer to a lower level position before being terminated, although there were several such openings for which plaintiff was qualified that were subsequently filled.



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

35. Plaintiff filed a charge of disability discrimination and failure to accommodate with the California Department of Fair Employment and Housing within one year of the discrimination with issuance of a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted his administrative remedies.

36. Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**SIXTH CAUSE OF ACTION**
**Discharge in Violation of**
**Public Policy**

As a sixth, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

37. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

38. At all times herein mentioned, plaintiff was a person fully competent to perform the duties to which he was assigned.

39. Defendants UC and DOES ONE through THIRTY discriminated against plaintiff on the basis of his physical and mental disabilities and/or failed to accommodate plaintiff and discharged plaintiff because of his physical and mental disabilities and/or because the did not want to accommodate his physical and mental disabilities in violation of public policy. Plaintiff has permanent disabilities that interfere with major life functions.

40. Said discharge and discrimination violated public policy as stated in the FEHA and elsewhere.

41. Plaintiff suffered damages legally caused by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

## SEVENTH CAUSE OF ACTION
**Harassment Based on Disabilities and/or Failure to Accommodate in Violation of the California Fair Employment and Housing Act**

As a seventh, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

42. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

43. Defendants UC and DOES ONE through THIRTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

44. Defendants UC and DOES ONE through THIRTY harassed plaintiff on the basis of his physical and mental disabilities and/or failed to accommodate plaintiff and discharged plaintiff because of his physical and mental disabilities and/or because the did not want to accommodate his physical and mental disabilities in violation of the California Fair Employment and Housing Act. Plaintiff has permanent disabilities that interfere with major life functions. Plaintiff requested accommodation for his disabilities but his requests were denied. Defendants harassed plaintiff about his disabilities by, among other things, asking plaintiff if he was sick or on drugs and telling his coworkers that he had a problem, that he must be using drugs and that he was in drug rehabilitation while he was on vacation. Plaintiff was terminated while on a medical leave. Plaintiff was the only person terminated. Plaintiff was not given the opportunity to transfer to a lower level position before being terminated, although there were several such openings for which plaintiff was qualified that were subsequently filled.

45. Plaintiff filed a charge of harassment based on disabilities and failure to accommodate with the California Department of Fair Employment and Housing within one year of the harassment with issuance of a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted his administrative remedies.

46. Plaintiff suffered damages legally caused by these defendants' harassment as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

forth here in full.

**EIGHTH CAUSE OF ACTION**
**Discharge in Violation of**
**Public Policy**

As an eighth, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

47. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

48. At all times herein mentioned, plaintiff was a person fully competent to perform the duties to which he was assigned.

49. Defendants UC and DOES ONE through THIRTY harassed plaintiff on the basis of his physical and mental disabilities and/or failed to accommodate plaintiff and discharged plaintiff because of his physical and mental disabilities and/or because the did not want to accommodate his physical and mental disabilities in violation of public policy. Plaintiff has permanent disabilities that interfere with major life functions.

50. Said discharge and harassment violated public policy, California common law and the FEHA.

51. Plaintiff suffered damages legally caused by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**NINTH CAUSE OF ACTION**
**Retaliation in Violation of the**
**California Fair Employment and Housing Act**

As a ninth, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

52. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

53. Defendants UC and DOES ONE through THIRTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

54. Defendants UC and DOES ONE through THIRTY retaliated against plaintiff on the basis of his requesting accommodation for his physical and mental disabilities and for taking a medical leave and discharged plaintiff because he requested accommodation for his physical and mental disabilities and took a medical leave in violation of the California Fair Employment and Housing Act. Plaintiff was treated differently after his request for accommodation was denied. Plaintiff was terminated while on a medical leave. Plaintiff was the only person terminated. Plaintiff was not given the opportunity to transfer to a lower level position before being terminated, although there were several such openings for which plaintiff was qualified that were subsequently filled. Plaintiff has been denied jobs for which he was qualified in retaliation for taking a medical leave and because of his disabilities.

55. Plaintiff filed a charge of retaliation with the California Department of Fair Employment and Housing within one year of the retaliation with issuance of a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted his administrative remedies.

56. Plaintiff suffered damages legally caused by these defendants' retaliation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**TENTH CAUSE OF ACTION**
**Retaliation in Violation of**
**Public Policy**

As a tenth, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

57. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

58. At all times herein mentioned, plaintiff was a person fully competent to perform the duties to which he was assigned.

59. Defendants UC and DOES ONE through THIRTY retaliated against plaintiff on the basis of his requesting accommodation for his physical and mental disabilities and for taking a medical leave and discharged plaintiff because he requested accommodations for his physical and mental disabilities and took a medical leave in violation of public policy.

60. Said discharge and retaliation violated public policy, California common law and the FEHA.

61. Plaintiff suffered damages legally caused by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## ELEVENTH CAUSE OF ACTION
### Retaliation in Violation of the California Fair Employment and Housing Act

As an eleventh, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

62. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

63. Defendants UC and DOES ONE through THIRTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

64. Defendants UC and DOES ONE through THIRTY retaliated against plaintiff on the basis of his complaining about the treatment he suffered and for engaging in protected activity and discharged plaintiff because he complained about the treatment he suffered and engaged in protected activity in violation of the California Fair Employment and Housing Act. Plaintiff has been denied



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

jobs for which he was qualified in retaliation for filing a charge of discrimination, for filing internal and external complaints and for engaging in protected activities.

65. Plaintiff filed a charge of retaliation with the California Department of Fair Employment and Housing within one year of the retaliation with issuance of a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted his administrative remedies.

66. Plaintiff suffered damages legally caused by these defendants' retaliation as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**TWELFTH CAUSE OF ACTION**
**Retaliation in Violation of**
**Public Policy**

As a twelfth, separate and distinct cause of action, plaintiff complains against defendants UC and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

67. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

68. At all times herein mentioned, plaintiff was a person fully competent to perform the duties to which he was assigned.

69. Defendants UC and DOES ONE through THIRTY retaliated against plaintiff on the basis of his complaining about the treatment he suffered and for engaging in protected activity and discharged plaintiff because he complained about the treatment he suffered and engaged in protected activity in violation of public policy.

70. Said discharge and retaliation violated public policy, California common law and the FEHA.

71. Plaintiff suffered damages legally caused by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

## THIRTEENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

As a thirteenth, separate and distinct cause of action, plaintiff complains against all defendants, and each of them, and for a cause of action alleges:

72. Plaintiff hereby incorporates by reference Paragraphs 1 through 12, 15 through 16, and 82 through 85, inclusive, as though set forth here in full.

73. In or about June 1995, plaintiff accepted employment with defendant UC. Plaintiff was assured job security and that he would not be discriminated against, harassed or retaliated against and thereafter remained in his employment in reliance on those assurances.

74. Defendants UC and DOES ONE through THIRTY were in a position of power over plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of his relative lack of power, because of his reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because he had placed his trust in defendants, because he depended on his employment for his self esteem and sense of belonging, because he relied upon his employment as a source of income for his support, because a wrongful termination of plaintiff's employment would likely harm plaintiff's ability to find other employment, and because of the great disparity in bargaining power between plaintiff and his employer. Defendants were aware of plaintiff's vulnerability and the reasons for it.

75. On or about August 27, 2005, defendants discharged plaintiff or caused him to be discharged, and confirmed and ratified the discharge. Defendants' discharge of plaintiff and the manner in which they accomplished it was outrageous in that plaintiff was discriminated against because of his physical and mental disabilities, in that plaintiff was denied accommodation for his physical and mental disabilities, in that plaintiff was harassed because of his physical and mental disabilities, in that plaintiff was retaliated against for requesting accommodations for his physical and mental disabilities and for taking a medical leave, in that plaintiff was retaliated against for complaining about the treatment he suffered and for engaging in protected activity and in that



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

defendants at all times intended to discriminate against, harass, retaliate against and discharge plaintiff, leaving plaintiff without his employment and without the income, sense of self worth, and security which he derived from his employment, and which defendants knew that he derived from his employment.

76. This conduct by defendants was intended to cause plaintiff emotional distress or was done with reckless disregard of the probability of causing plaintiff emotional distress.

77. Plaintiff suffered severe emotional distress as a legal result of defendants' outrageous conduct. Plaintiff suffered severe mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to his discharge with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring.

## DAMAGES

78. As a legal result of the conduct by defendants of which plaintiff complains, plaintiff suffered and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

79. At the time plaintiff entered into the employment agreement and continuing thereafter, all parties to the agreement contemplated and it was reasonably foreseeable that breach of the agreement would cause plaintiff to suffer emotional distress. At all times, it was likely in the ordinary course of things that breach of the employment agreement would cause plaintiff to suffer emotional distress. The terms of the employment agreement related to matters which directly concerned plaintiff's comfort, happiness and personal welfare, and defendants were aware of this at the time they entered into the agreement and continuing thereafter. The subject matter of the employment agreement was such as to directly affect plaintiff's self esteem and emotional well being, and defendants were aware of this at the time they entered into the agreement and continuing thereafter.

80. Plaintiff suffered emotional distress as a legal result of the conduct by defendants of which plaintiff complains. Plaintiff suffered mental distress, suffering and anguish as a legal result of



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

defendants' outrageous conduct, reacting to his discharge with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

81. At all material times, defendants, and each of them, knew that plaintiff depended on his wages and other employee benefits as a source of earned income. At all material times, defendants were in a position of power over plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of his relative lack of power, because of his reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because he had placed his trust in defendants, because he depended on his employment for his self esteem and sense of belonging, because he relied upon his employment as a source of income for his support, because a wrongful termination of plaintiff's employment would likely harm plaintiff's ability to find other employment, and because of the great disparity in bargaining power between plaintiff and his employer. Defendants were aware of plaintiff's vulnerability and the reasons for it.

82. Notwithstanding such knowledge, defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of plaintiff's rights, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to the plaintiff.

83. Further, defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

84. The foregoing conduct of defendants, and each of them, was intentional, willful and malicious and plaintiff is entitled to punitive damages in an amount to conform to proof.

85. Plaintiff also is entitled to attorneys' fees and costs pursuant to California Labor Code §218.5.

///

///

///

///



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

**PRAYER**

Wherefore plaintiff prays for judgment against defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For a money judgment for mental pain and anguish and emotional distress, according to proof;

3. For an award of punitive damages, according to proof;

4. For costs of suit and attorney fees;

5. For prejudgment and postjudgment interest;

6. For any other relief that is just and proper.

7. For attorney fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b).

Dated: July 26, 2006

LAWLESS & LAWLESS

by [signature]
Barbara A. Lawless
Attorneys for Plaintiff

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

Dated: July 26, 2006

LAWLESS & LAWLESS

by [signature]
Barbara A. Lawless
Attorneys for Plaintiff



LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

MICHAEL T. LUCEY (SBN: 99927)
MICHAEL A. LAURENSON (SBN: 190023)
VAN T. NGUYEN (SBN: 199945)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

ENDORSED
FILED
San Francisco County Superior Court
NOV 0 3 2006
GORDON PARK-LI, Clerk
BY WESLEY RAMIREZ
Deputy Clerk

Attorneys For Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (Erroneously Sued As UNIVERSITY OF CALIFORNIA SAN FRANCISCO), JOANNA RINALDI and JIM DILLEY

**EXEMPT FROM FILING FEES (GOV. CODE § 6103)**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MICHAEL DISCEPOLA,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF CALIFORNIA SAN FRANCISCO, et al.,<br><br>Defendants. | CASE NO. CGC-06 454542<br><br>**DEFENDANTS' NOTICE OF DEMURRER & DEMURRER TO FIRST AMENDED COMPLAINT**<br><br>Accompanying Papers:<br>MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE AND SUPPORTING DECLARATION<br><br>Date: December 1, 2006<br>Time: 9:30 a.m.<br>Dept: 302<br><br>First Amended Complaint Filed: 9/29/2006 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 1, 2006, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Department 302 of the above-entitled court, defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (Erroneously Sued As UNIVERSITY OF CALIFORNIA SAN FRANCISCO), JOANNA RINALDI and JIM DILLEY will and hereby do demur to the First Amended Complaint of MICHAEL DISCEPOLA on the grounds the First Amended Complaint fails to state a claim against defendants.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

pursuant to the University's internal grievance and administrative process bar his claims. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 76.)

9. The ninth cause of action for defamation fails to state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10(e)) in that Plaintiff has failed to exhaust his judicial remedies and therefore the adverse findings that he received pursuant to the University's internal grievance and administrative process bar his claims. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 76.)

Dated: November 3, 2006

GORDON & REES LLP

By: ______________________
MICHAEL A. LAURENSON
Attorneys For Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, JOANNA RINALDI and JIM DILLEY

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

MICHAEL T. LUCEY (SBN: 99927)
MICHAEL A. LAURENSON (SBN: 190023)
VAN T. NGUYEN (SBN: 199945)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys For Defendants
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA (Erroneously Sued Additionally
As UNIVERSITY OF CALIFORNIA
SAN FRANCISCO), JOANNA RINALDI and
JIM DILLEY

ENDORSED
FILED
San Francisco County Superior Court
NOV 03 2006
GORDON PARK-LI, Clerk
BY WESLEY RAMIREZ
Deputy Clerk

**EXEMPT FROM FILING FEES (GOV. CODE § 6103)**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MICHAEL DISCEPOLA,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF CALIFORNIA SAN FRANCISCO, et al.,<br><br>Defendants. | CASE NO. CGC-06 454542<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br><u>Accompanying Papers</u>:<br>NOTICE OF DEMURRER & DEMURRER; REQUEST FOR JUDICIAL NOTICE AND SUPPORTING DECLARATION<br><br>Date: December 1, 2006<br>Time: 9:30 a.m.<br>Dept: 302<br><br>First Amended Complaint Filed: 9/29/2006 |

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

# I. INTRODUCTION

Plaintiff Michael Discepola ("Plaintiff") is presently employed by THE REGENTS OF THE UNIVERSITY OF CALIFORNIA ("THE REGENTS" or "University") as the Community Health Program Manager for the Stonewall Project within the UCSF Department of Psychiatry. Previously, he worked as a Clinical Social Worker until his position was eliminated due to funding cuts.[1] Plaintiff raises a myriad of claims relating to his prior layoff, including fraud, discrimination, retaliation, and harassment. Plaintiff brings his claims against THE REGENTS, his former supervisor JOANNA RINALDI ("RINALDI"), and RINALDI's supervisor, JIM DILLEY ("DILLEY").

The identical discrimination and retaliation claims that Plaintiff asserts here have already been considered and rejected in two different internal grievance procedures. The California Supreme Court has repeatedly held that an employee whose internal grievance has been rejected in a quasi-judicial proceeding of the kind provided by THE REGENTS is bound by the administrative decision, unless and until overturned by writ. As a matter of law, Plaintiff's failure to have those adverse findings set aside by writ means that they are binding here and serve as a complete bar to his claims.

Pursuant to that same grievance process, the University did find that Plaintiff's department had failed to follow the University's reclassification procedures. This failure was not found to have been intentional, however, nor to have impacted Plaintiff's layoff. Moreover, to the extent it resulted in underpayment of wages to Plaintiff, it has already been remedied. Despite this facially favorable (for Plaintiff) administrative finding, plaintiff's fraud claim, based on his supervisors' alleged failure to follow-thru on their promise of reclassification, is also barred because the finding that the failure was not intentional means that Plaintiff cannot prove malice, which is necessary to overcome these individuals' qualified governmental immunity.

/ / /

/ / /

[1] Plaintiff was rehired into his current position 10 months after his layoff.

## II. FACTUAL BACKGROUND

### A. Facts Alleged in the First Amended Complaint[2]

Plaintiff had been employed by The Regents for approximately 10 years, eventually reaching the position of Clinical Social Worker II, Supervisor, with a title of Director of Training and Director of the Risk Evaluation and Counseling for Health ("REACH") Program. (First Amended Complaint ["FAC"], ¶ 9.) Plaintiff claims that he was discriminated against, harassed, and retaliated against during his employment and was terminated on August 27, 2005. (FAC ¶ 15.)

### B. Facts of Which the Court May Take Judicial Notice

#### 1. Plaintiff's First Internal Grievance

As a Clinical Social Worker II, Plaintiff was subject to the University's Personnel Policies for Staff Members ("PPSM"). (Request for Judicial Notice and Supporting Declaration of Daniel Dominguez-Moncada, filed herewith, ¶ 2 and Exhibit A.) Pursuant to the PPSM, Plaintiff had available to him a grievance procedure which provided for a multi-step review process with a right of representation and a written decision issued at each level. (*Ibid.*)

On August 26, 2005, Plaintiff filed a grievance under the PPSM challenging his termination. (*Id.* at Exh. B) Plaintiff's PPSM grievance contained the following charges (which are reiterated in the amended complaint before this Court):

- "Failure to follow University policies and procedures regarding due process, promotion, raise, disability, layoff/termination, and others … ." [1st Cause of action ("CoA") - Intentional misrepresentation.]
- "Discrimination against a disabled … employee" and "[r]equested accommodations for disability were not discussed with employee nor granted to allow employee to successfully meet duties as assigned." [2nd CoA - Physical disability discrimination and failure to accommodate.]

---

[2] Plaintiff filed his FAC after Defendant, in an effort to obviate unnecessary motion practice, sent a detailed meet and confer letter to Plaintiff's counsel demonstrating that numerous claims asserted in the original complaint were improper against the University. As a result of that meet and confer, Plaintiff dropped seven claims, but added three new causes of action and added the two individual defendants.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

- "Inappropriate, inflammatory statements made by management to employee's former business associates" and "directly to the employee." [3rd CoA - Harassment, 6th CoA - intentional infliction of emotional distress, 7th CoA – Invasion of Privacy, and 8th CoA – Wrongful disclosure of medical information.]

- "Employee improperly laid off. Retaliation … ." [4th and 5th CoA - Retaliation.]

(*Id.* at p. 2.)

At Step I of Plaintiff's grievance, Marie Caffey, Director of Administration for the UCSF Department of Psychiatry, reviewed all the relevant documentation and conducted a thorough investigation into the circumstances of Plaintiff's layoff and related allegations. (*Id.* at Exh. C.) On September 27, 2005, after considering all the evidence, Ms. Caffrey issued her report, finding "no factual evidence of violation to support [Plaintiff's] assertions." (*Id.* at p. 2.)

Plaintiff pursued his grievance to Step II, requesting that a fact-finder be appointed to reconsider his claims. (*Id.* at Exh. D.)[3] At Step II, Plaintiff stated that it "remain[ed] [his] contention that":

- His layoff violated University policies;
- His layoff was in retaliation for him having taken FMLA leave; and,
- The University had failed to honor its earlier promise to reclassify him, resulting his layoff.

(*Ibid.*) Jon Gledhill, Director of the UCSF Transportation Services Department, was appointed as Fact-Finder.

Mr. Gledhill interviewed Plaintiff and other witnesses, and thoroughly reviewed all relevant documents and applicable University policies. (*Id.* at Exh. E.) Following his investigation, Mr. Gledhill prepared a Fact-Finder Report, concluding that there was no evidence supporting any of Plaintiff's claims. (*Id.* at p. 1.) Mr. Gledhill summarized his findings as follows:

> "I found no evidence of policy violations regarding staff personnel policies … . The AIDS Health Project, faced with funding cuts,

[3] Alternatively, Plaintiff could have elected for his grievance to be reviewed at the next administrative level, which would have entitled him to a hearing. (*Id.* at Exh. A, pp. 3-5)



Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

> acted within its authority to reorganize the department so as to address funding reductions and better meet the needs of its clientele. Layoff procedures were properly implemented and there is no discernable evidence of discrimination."

(*Id.* at p. 2.)

On January 27, 2006, Jocelyn Nakashige, Director of Finance and Administration for UCSF's Human Resources Department, was provided the above documents and asked to render a decision on Plaintiff's grievance. (*Id.* at Exh. F.) On February 27, 2006, Ms. Nakashige rendered her final and binding decision, finding no basis to support Plaintiff's claims and finding in favor of the University. (*Id.* at Exh. G.)

Ms. Nakashige's written decision included the following findings:

> "1) The AIDS Health Project experienced budgetary reductions which required a reorganization effort which necessitated a reduction in the workforce. We have confirmed that the reorganization effort of the department placed clinical duties on open positions, and outlined that minimum licensure and certification requirements were needed. Mr. Discepola's licensure was not current, and therefore did not meet the minimum requirements of licensure and certification as required."
>
> "2) There was no evidence presented to support the allegation of retaliation nor was there a violation of the University's leave of absence or FMLA policy."
>
> "3) There was no evidence presented to support the allegation of discrimination or slanderous statements made against Mr. Discepola. Mr. Discepola's "protected and disabled" status is unsubstantiated. We have verified that layoffs were conducted according to an approved layoff and reorganization plan and employees on FMLA are subject to layoff as if they would have been had they remained on pay status."
>
> . . .
>
> "Therefore, in reviewing all of the information that has been presented, I do not find basis to support Mr. Discepola's claims, and find in favor if the Department, the AIDS Health Project. Finding in favor of the AIDS Health Project, I consider this complaint concluded."

(*Ibid.*)

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

(2005) 35 Cal.4th 311, 320, the Court reminded that The Regents is a Constitutionally-created entity "with full powers of organization and government," including "quasi-judicial powers." (*Accord Edgren v. Regents of the Univ. of Cal.* (1984) 158 Cal.App.3d 515, 522, fn. 1 ["We note that The Regents is a constitutionally created agency (Cal. Const., art. IX, § 9), deriving therefrom quasi-adjudicatory powers over personnel matters involving University employees."].) Pursuant to that quasi-adjudicatory power, The Regents has created "a comprehensive system of administrative enforcement." (*Campbell*, 35 Cal.4th at 333.)

**2. The University's Grievance Procedures Are Quasi-Judicial**

It has long been the law that a party who has received an adverse ruling in a quasi-judicial proceeding "must first succeed in overturning the quasi-judicial action before pursuing [his] tort claim." (*Westlake Community Hosp. v. Superior Court* (1976) 17 Cal.3d 465, 484; *accord Ishimatsu v. Regents of Univ. of Calif.* (1968) 266 Cal.App.2d 854, 862 [holding writ of mandamus was proper procedure for review of University's decision to terminate individual's employment]; *Claudio v. Regents of Univ. of Cal.* (2005) 134 Cal.App.4th 224, 249.)

The doctrine of exhaustion of judicial remedies applies where an aggrieved individual has pursued available administrative remedies, resulting (1) in a final administrative decision; (2) made in a "quasi-judicial" proceeding, which is; (3) subject to judicial review by means of a writ of mandate. (*See, e.g., Johnson, supra*, 24 Cal.4th at 69; *Westlake, supra*, 17 Cal.3d at 469.)

A "quasi-judicial" proceeding broadly means one "in which the government's action affecting an individual is determined by facts peculiar to the individual case." (*Horn v. County of Ventura* (1979) 24 Cal.3d 605, 613; *accord Hess Collection Winery v. California Agr. Labor* (2006) 140 Cal.App.4th 1584, 1598 ["An administrative action is quasi-judicial, or quasi-adjudicative, when it consists of applying existing rules to existing facts."]; *20th Century Ins. Co. v. Garamendi* (1994) 8 Cal.4th 216, 275 ["administrative action is quasi-adjudicative" when the "administrative agency is applying an existing rule to existing facts"] *Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 35, fn.2 ["an adjudicatory act involves the actual application of a rule to a specific set of existing facts"]; *Bunnett v. Regents of University of California* (1995) 35 Cal.App.4th 843, 848 [holding that quasi-judicial proceedings

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

are defined by the nature of the issues presented and decided, not whether a formal hearing is involved].)

Most recently, the California Supreme Court characterized the internal review procedures used by THE REGENTS in addressing tenure denial decisions as "quasi-judicial" – notwithstanding the fact these procedures did not include any adversarial hearing. (*Kibler v. Northern Inyo County Local Hosp. Dist.* (2006) 39 Cal.4th 192, 200 (citing *McGill v. Regents of University of California* (1996) 44 Cal.App.4th 1776, 1785 [discussing "quasi-judicial decisions reviewable by administrative mandate"].)

### 3. Findings Adverse to a University Grievant are Binding

"[S]o long as such a quasi-judicial decision is not set aside through appropriate review procedures the decision has the effect of establishing the propriety of the [employer's] action." (*Westlake,* 17 Cal.3d at 484.; *accord Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 243-44 [explaining that "[j]udicial exhaustion is a species of res judicata," and "[u]nless the administrative decision is challenged, it binds the parties on the issues litigated and if those issues are fatal to a civil suit, the plaintiff cannot state a viable cause of action."].)

The rule even applies to bar statutory claims with their own administrative schemes, like the FEHA. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 76 ["when, as here, a public employee pursues administrative civil service remedies, receives an adverse finding, and fails to have the finding set aside through judicial review procedures, the adverse finding is binding on discrimination claims under the FEHA"]; *Williams v. Housing Authority* (2004) 121 Cal.App.4th 708, 725 ["The effect of the Supreme Court's decision in *Johnson*, therefore, appears to be that for public employees who choose to pursue an internal administrative remedy, a successful administrative mandamus action is a prerequisite to any enforceable rights under the FEHA."]; *Page v. Los Angeles County Probation Dept.* (2004) 123 Cal.App.4th 1135, 1142 ["if a public employee has requested a non-FEHA administrative remedy … and obtained an adverse decision, the employee must exhaust judicial remedies by filing a petition for writ of mandate in the trial court, or else the administrative decision will be binding on subsequent FEHA claims"].)

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

As *Johnson* recognized, and the numerous other courts cited herein have echoed, "[r]efusing to give binding effect to the findings of administrative agencies in quasi-judicial proceedings would … undermine the efficacy of such proceedings, rendering them in many cases little more than rehearsals for litigation." (24 Cal.4th at 72.)

**B. <u>Plaintiff's Failure to Exhaust His Judicial Remedies Bars His Claims</u>**

In the present case, Plaintiff filed <u>two</u> internal complaints pursuant to the University's quasi-judicial grievance procedures based on the same facts which he now relies upon here. Each of the allegations that form the factual bases for plaintiff's claims here has already been determined adversely to plaintiff during those quasi-judicial proceedings, to wit:

- <u>First Case of Action</u> (Intentional Misrepresentation)
  Defendants made promises to promote and reclassify him without the intent to perform. (*Compare* FAC at ¶¶ 17-18, *with* RJN, Exh. I, p. 2, "This investigation has not found this failure to be discriminatory or retaliatory, since the department is often behind in performance reviews and position description revisions.")

- <u>Second Cause of Action</u> (Discrimination)
  Defendants discriminated against Plaintiff based on his physical and mental disability. (*Compare* FAC at ¶ 26, *with* RJN, Exh. G, p. 1, "There was no evidence presented to support the allegation of discrimination…against Mr. Discepola."

- <u>Second Cause of Action</u> (Failure to Accommodate)
  Defendant failed to reasonably accommodate Plaintiff. (*Compare* FAC at ¶ 26, *with* RJN, Exh. I, p. 4, "This investigation has not found sufficient evidence to find merit to your allegations that the department failed to accommodate your disability… .")

- <u>Third Cause of Action</u> (Harassment)
  Defendants harassed Plaintiff. (*Compare* FAC at ¶ 31, *with* RJN, Exh. I, p. 2, "[T]his investigation has not found evidence that your layoff was discriminatory or retaliatory.")[4]

- <u>Fourth and Fifth Causes of Action</u> (Retaliation)
  Defendants retaliated against Plaintiff. (*Compare* FAC at ¶ 36, *with* RJN, Exh. I, p. 2, "[T]his investigation has not found evidence that your layoff was discriminatory or retaliatory.")

- <u>Sixth Cause of Action</u> (IIED)
  Defendants intentionally inflicted emotional distress on Plaintiff. (*Compare* FAC at ¶¶ 44-46, *with* RJN, Exh. I, p. 2, "[T]his

[4] Plaintiff alleges no independent facts to support his harassment claim separate and apart from those acts which are also alleged to be discriminatory, retaliatory and defamatory. (*See* FAC at ¶ 31.)

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

investigation has not found evidence that your layoff was discriminatory or retaliatory.")

- Seventh Cause of Action (Invasion of Privacy) Defendants invaded Plaintiff's privacy. (*Compare* FAC at ¶ 52, *with* RJN, Exh. I, p. 2, "This investigation has not found any evidence to substantiate your allegation that Rinaldi and Dilley released confidential health information to your coworkers or peers in the HIV/AIDS prevention community.")

- Eighth Cause of Action (Disclosure of Medical Information) Defendants wrongfully disclosed Plaintiff's private medical information. (*Compare* FAC at ¶ 59, *with* RJN, Exh. I, p. 2, "This investigation has not found any evidence to substantiate your allegation that Rinaldi and Dilley released confidential health information to your coworkers or peers … .")

- Ninth Cause of Action (Defamation) Defendants defamed Plaintiff. (*Compare* FAC at ¶¶ 65-66, *with* RJN, Exh. G, p. 1, "There was no evidence presented to support the allegation of…slanderous statements made against Mr. Discepola.")

While preclusive effect of the administrative findings is immediately apparent with regard to Plaintiff's claims of discrimination, retaliation, harassment and invasion of privacy, and additional analytical step is necessary to understand why Plaintiff's fraud claim is barred. Public employees like RINALDI and DILLEY are immune from fraud claims absent proof of actual malice. (Gov. Code, § 822.2 ["A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice."].)[5] Ms. Duncan's finding that the department's failure to follow reclassification procedures was not intentional, i.e., was not "discriminatory or retaliatory, since the department is often behind in performance reviews, position description, and classification reviews (RJN at Exh. I, p. 2),

[5] Plaintiff's attempt to hold RINALDI and DILLEY individually liable for their actions in relation to plaintiff's reclassification is constrained by section 822.2 because "employees, regardless of their scope of employment or personal motives, cannot be individually liable for their acts or words relating to personnel actions unless such liability arises from statute." (*Sheppard v. Freeman* (1998) 67 Cal.App.4th 339, 349.) Reclassification and promotion are personnel actions.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

precludes Plaintiff from being able to show malice necessary to overcome the individuals' governmental immunity from such claims.[6]

The Court may take judicial notice of the fact that Plaintiff has not overturned any of these administrative findings by writ of mandamus. Accordingly, because Plaintiff pursued an administrative remedy, received adverse findings, and has failed to have those findings set aside through judicial review, the adverse findings are binding on his identical claims here and serve to bar the entire action, regardless of how his causes of action may be entitled.

## IV. CONCLUSION

In accordance with well-established precedent, Plaintiff's complaint should be dismissed without leave to amend because Plaintiff has utilized the University's administrative processes and may not seek the Court's redundant reconsideration without seeking – and obtaining – a writ of mandate to proceed before this Court. Permitting Plaintiff to continue with these claims would render the University's grievance procedures nothing more than a "rehearsal for litigation" and would waste this Court's resources, as well as the resources of the University, which are better devoted to education.

Dated: November 3, 2006

GORDON & REES LLP

By: MICHAEL A. LAURENSON
Attorneys For Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, JOANNA RINALDI AND JIM DILLEY

[6] Even if Plaintiff's fraud claim was not barred as a matter of law, it would nonetheless fail, as the University has already taken remedial action to pay plaintiff for his work "out of class" (RJN at Exh. J), thus he cannot prove the essential element of damages.